TATE, Justice,
concurring.
I concur because I am unable to disagree with the majority opinion that, technically, no error of law occurred which requires reversal.
Nevertheless, the record in this case readily permits a view that a miscarriage of’ justice has taken place: that the defendant, a respectable person of no law-violation background, has been convicted of knowingly buying stolen fencing on the basis of evidence confected by a private investigator of uncertain reliability (who made certain misstatements and concealed in his trial testimony matters which reflected adversely on his credibility and motive in this instant case).
I am not yet prepared to hold that the trial court abused its discretion by not granting a new trial. Nevertheless, my personal view is that the present is one of those rare instances to which La.C.Cr.P. art. 851(5) is applicable: “The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.”
TATE, J., assigns additional concurring reasons.
CALOGERO, J., dissents and assigns reasons.